UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONNA CROZIER,

    Plaintiff,

v.                                  Case No:  2:18-cv-169-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER AND ORDER

Before the Court is Plaintiff Donna Crozier's Complaint, filed on March 14, 2018. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum detailing their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.**    **Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.**    **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On August 4, 2015, Plaintiff filed an application for supplemental security income benefits. (Tr. at 77, 172-177). Plaintiff asserted an onset date of February 1, 2015. (*Id.* at 172). Plaintiff's application was denied initially on August 27, 2015, and on reconsideration on December 8, 2015. (*Id.* at 77, 92). Administrative Law Judge Michael Carr (the "ALJ") held a hearing on August 23, 2016. (*Id.* at 28-65). The ALJ issued an unfavorable decision on April 21, 2017. (*Id.* at 15-23). The ALJ found Plaintiff not to be under a disability since August 4, 2015, the date the application was filed. (*Id.* at 23).

On January 10, 2018, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-5). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on March 14, 2018. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 16).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 4, 2015, the application date. (Tr. at 17). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "obesity, seizure disorder, degenerative disc changes cervical spine, degenerative disc changes lumbar spine (20 [C.F.R. §] 416.920(c))." (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (*Id.* at 19).

At step four, the ALJ determined the following as to Plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 416.967(b) except can occasionally climb ramps and stairs; cannot climb ladders, ropes, or scaffolds; cannot tolerate exposure to unprotected heights or moving mechanical parts; cannot operate a motor vehicle.

(*Id.* at 20).

The ALJ determined that Plaintiff is capable of performing her past relevant work as a laundry attendant. (*Id.* at 22). The ALJ found that "[t]his work does not require the performance

of work-related activities precluded by the claimant's residual functional capacity (20 [C.F.R. §] 416.965)." (*Id.* at 22). The ALJ concluded that Plaintiff has not been under a disability since August 4, 2015, the date the application was filed. (*Id.* at 23).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

II.     Analysis

On appeal, Plaintiff raises the following issue, as stated by the parties: whether substantial evidence supports the ALJ's finding that Plaintiff had past relevant work as a "Laundry Attendant." (Doc. 25 at 6). Upon careful examination, however, the Court finds that there are actually two issues raised by the Plaintiff in this appeal, which formulated differently are as follows: (1) whether the ALJ erred in determining that Plaintiff's work as a laundry attendant qualified as past relevant work; and (2) whether the ALJ erred in classifying Plaintiff's past relevant work as a laundry attendant. (*Id.* at 6-9). The Court addresses these issues in turn.

### A.     Whether Plaintiff's Work as a Laundry Attendant Qualified as Past Relevant Work

Plaintiff argues that it is not clear whether Plaintiff performed the job of laundry attendant at a substantial gainful activity level. (Doc. 25 at 7). Plaintiff claims that there are conflicting work history reports and, under one report, Plaintiff's work as a laundry attendant would not qualify as past relevant work. (*Id.*). Plaintiff argues that the ALJ should have re-contacted Plaintiff's employer to clarify the extent of Plaintiff's work as a laundry attendant. (*Id.* at 8).

The Commissioner argues that the record contains substantial evidence that supports the ALJ's determination that Plaintiff had past relevant work as a laundry attendant. (*Id.* at 11).

Plaintiff claims that she provided two conflicting work history reports. (*Id.* at 7). In the first work history report, Plaintiff stated that she worked five (5) hours per day, five (5) days per week, for $7.50 per hour for a total of two (2) months in 2007. (*Id.*). In the second work history report, Plaintiff states that she worked eight (8) hours per day, five (5) days per week, for $7.50 per hour for a total of two (2) months in 2007. (*Id.*). Plaintiff argues that if the first report is accepted, Plaintiff's past work as a laundry attendant did not amount to substantial gainful

5

activity ("SGA").  (*Id.*).  Plaintiff concedes that if the second report is accepted, "the earnings exceeded the presumed substantial gainful activity level."  (*Id.*).

At the fourth step of the sequential evaluation, the burden lies with Plaintiff to show that she cannot return to her past relevant work as she actually performed it or as it is performed in the general economy.  *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x 829, 830 (11th Cir. 2013); *Battle v. Astrue*, 243 F. App'x 514, 522 (11th Cir. 2007); *Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010).  Even though the burden lies with Plaintiff, the ALJ must consider all of the duties of Plaintiff's past relevant work and evaluate Plaintiff's ability to perform that work in spite of her impairments.  *Levie*, 514 F. App'x at 830.

Past relevant work is work that was done within the last fifteen (15) years, that lasted long enough for a plaintiff to learn, and was substantial gainful employment.  20 C.F.R. § 404.1565(a).  SGA is work activity that is both substantial and gainful.  20 C.F.R. § 1572.  Substantial work activity involves "doing significant physical or mental activities.  Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before."  20 C.F.R. § 404.1572(a).  Gainful work activity is work that is done for pay or profit.  20 C.F.R. § 404.1572(b).

A chief consideration in determining whether past work is SGA is to consider average monthly earnings and whether these earning are above or below a certain amount established by the Social Security Administration's earnings guidelines.  20 C.F.R. § 404.1574(a); *Eyre v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 521, 524 (11th Cir. 2014).  In 2007, the monthly income of $900 or more ordinarily showed a plaintiff engaged in SGA.  POMS DI 10501.015B, 2001 WL 1931773.

Nevertheless, earnings alone are not dispositive. *Eyre*, 586 F. App'x at 524. Even if a plaintiff's monthly earnings fall below the guidelines, if other evidence indicates that a plaintiff engaged in SGA, the ALJ can consider other information. *Id.* A court may consider evidence of a plaintiff's "energy, skill, and physical activity of her past work" to show that she engaged in SGA. *Id.*

Here, the ALJ found that in 2007, Plaintiff reported earnings of more than $12,000, "which is substantial gainful activity and this is within [the] last 15 years." (Tr. at 23). The ALJ cited to both an August 7, 2015 Work History Report and a December 1, 2015 Work History Report. (*Id.*).

In the August 7, 2015 Work History Report, Plaintiff indicated she worked as a laundry attendant for two (2) months in the year 2007. (Tr. at 196). She indicated she worked five (5) hours per day, five (5) days a week, at the rate of $7.50 per hour. (*Id.* at 200).

In the December 1, 2015 Work History Report, Plaintiff indicated that she worked as a laundry attendant from May 2007 through July 2007. (*Id.* at 247). Plaintiff indicated that she worked eight (8) hours per day, five (5) days per week, at a rate of $7.50 per hour. (*Id.* at 252). Plaintiff indicated that she walked 3.5 hours per day, stood 3.5 hours per day, and sat 1 hour per day. (*Id.*). Plaintiff described her job duties as follows: "[s]orted dirty cl [sic] others, beds linen, table napkins and cover table cloth. Put in washing machine to laundry put laundry soap. Dry the finished wash material. Iron cloth and fold linen and other supplies." (Tr. at 252).

Plaintiff argues that the record is not developed enough to determine if Plaintiff's work as a laundry attendant qualified as past relevant work because if she only worked five (5) hours per day, five (5) days per week then her earnings did not meet the $900.00 threshold. (Doc. 25 at 7).

7

Here, Plaintiff completed a Work History Report that she worked eight (8) hours per day, five (5) days per week at a rate of $7.50 per hour. (*Id.*). Plaintiff explained the physical requirements of the job, which added up to eight (8) hours per day. (*Id.*). Thus, Plaintiff's December 1, 2015 Work History Report was much more detailed than her August 7, 2015 Work History Report. (*Compare id.* at 200, *with id.* at 252). The Court finds that the ALJ did not err in relying on this more detailed report even though it conflicted with Plaintiff's prior report.

Moreover, even if the August 7, 2015 Work History Report is accurate and Plaintiff only worked five (5) hours per day, the Court finds that the record is sufficient to support by other means the ALJ's finding that Plaintiff's work as a laundry attendant in 2007 constituted SGA. During the hearing, the ALJ referred to Plaintiff's December 1, 2015 Work History Report to describe Plaintiff's work as a laundry attendant as she actually performed it. (Tr. at 36).

In addition, in this Work History Report, Plaintiff not only described her job duties, but she also provided great detail as to the amount of time that this job required her to walk, stand, and sit. (*Id.* at 252). Further, Plaintiff indicated in this Report that this job required lifting of 20 lbs. at the heaviest, and 10 lbs. frequently. (*Id.*). At the hearing, the ALJ referred the vocational expert to Plaintiff's December 1, 2015 Work History Report for a description of the job as Plaintiff performed it. (*Id.* at 36). Further, at the hearing, the vocational expert categorized Plaintiff's past relevant work as a laundry attendant, DOT # 361.687-014, light level, and SPV 2. (*Id.* at 58). After the ALJ posed the hypothetical, the vocational expert testified that Plaintiff was capable of performing the laundry attendant job as she actually performed it and as generally performed. (*Id.* at 60, 61). Finally, the vocational expert testified that her testimony was consistent with the DOT, with the exception of being on task and attendance, which was based on her experience. (*Id.* at 63).

While further inquiry by the ALJ at the hearing into the details of Plaintiff's past relevant work and the number of hours worked might have been instructive, the Court finds that the evidence of record addresses whether Plaintiff's work as a laundry attendant was comparable to that performed by others and accounts for the time, skill, and physical activity involved in the position. *See Eyre*, 586 F. App'x at 524. Further, Plaintiff offered no evidence to rebut the ALJ's determination that she engaged in SGA as a laundry attendant. *See id.* The Court finds that substantial evidence supports the ALJ's decision that Plaintiff's work as a laundry attendant is SGA and constitutes past relevant work.

Without citation to any authority, Plaintiff also argues that due to this conflict in the evidence, the ALJ should have re-contacted Plaintiff's employer. (Doc. 25 at 8). A hearing before an ALJ is not an adversarial proceeding and the ALJ has a basic duty to develop a full and fair record. *Robinson v. Astrue*, 365 F. App'x 993, 998 (11th Cir. 2010) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)). To determine if remand is necessary, a court must determine whether the record reveals evidentiary gaps that would result in unfairness or clear prejudice. *Id.* (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)). Here, Plaintiff has not shown any evidentiary gaps or prejudice. The record contains substantial evidence to support the ALJ's determination.

For the foregoing reasons, the Court finds that the ALJ's determination that Plaintiff's work as a laundry attendant is past relevant work is supported by substantial evidence.

### B.  Whether the ALJ Erred in Classifying Plaintiff's Past Relevant Work as a Laundry Attendant

Plaintiff argues that the ALJ erred in relying on the vocational expert's classification of Plaintiff's past relevant work as a laundry attendant. (Doc. 25 at 8). Plaintiff claims that she described this work as sorting dirty clothes, bed linen, table napkins, and cover tablecloths,.

(*Id.*). Next, Plaintiff would put these items in the washing machine, put in laundry soap, and then dry the washed articles. (*Id.*). Finally, Plaintiff would iron and fold the cloth and linen. (*Id.*).

Plaintiff argues that DOT # 361.687-014 provides as follows: "classifier – sort laundry into lots, such as flat work, starch work, and colored articles prior to washing or ironing: places sorted articles in bins, nets, or baskets, or onto conveyor belt. May weigh flatwork and record weight on laundry ticket. May affix customer's identification mark on articles or fasten identifying pin to nets." (*Id.*). Plaintiff argues that the DOT description of a laundry attendant is not the job that Plaintiff performed because it does not contain the job duties of wash, dry, and/or fold laundry. (*Id.*). Plaintiff also argues that the ALJ had a duty to fully develop the record as there is an apparent conflict between the testimony of the vocational expert and the DOT. (*Id.* at 9).

The Commissioner argues that Plaintiff failed to demonstrate a conflict between the vocational expert's testimony and her citation to the DOT for the laundry attendant position. (*Id.* at 13). The Commissioner contends that Plaintiff stated that her duties included sorting clothes and linens, lifting 10 lbs. frequently and no more than 20 lbs. (*Id.*). The Commissioner argues that although Plaintiff may have performed functional demands in excess of the job duties listed in the DOT for a laundry attendant, this does not show that the ALJ mischaracterized Plaintiff's past work, especially if this description is how the job of laundry attendant is generally performed. (*Id.*).

When the job demands and duties of a specific prior job exceed those for the same job as generally performed in the national economy, a plaintiff has the burden to show not only that she is unable to perform her specific past job, but also that she is unable to perform the functional

demands and job duties of the position as generally performed in the national economy. *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010). Here, as a laundry attendant, Plaintiff sorted dirty clothes, bed linens, table napkins and table covers, ironed them, and folded them as well as some other duties. (Tr. at 252). She was required to lift at most 20 lbs. and frequently lift 10 lbs. (*Id.*). Some of these duties are included in the DOT job description for laundry attendant. (Doc. 25 at 13). Further, the lifting restrictions are similar, if not the same. (Doc. 25 at 13; Tr. at 252). The Court finds that Plaintiff did not present any evidence that she is unable to perform the job of laundry attendant as it is generally performed in the national economy.

Thus, the Court finds that the ALJ did not err in classifying Plaintiff's past relevant work as a laundry attendant. Further, the Court finds that the ALJ's decision that Plaintiff can return to her past relevant work as a laundry attendant is supported by substantial evidence.

## III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that substantial evidence supports the ALJ's decision and the decision was decided upon proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 8, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties